[No. 3,855.]

THE CENTRAL PACIFIC RAILROAD COMPANY v. MARTIN CORCORAN, TAX COLLECTOR OF SANTA CLARA COUNTY.

ENJOINING SALE FOR TAX.---An injunction will not be granted to restrain the collection of a tax by a sale of the real estate of the taxpayer.

APPEAL from the County Court, Twentieth Judicial District, Santa Clara County.

The plaintiff was the owner of a railroad, extending from the city of San José, county of Santa Clara, through the counties of Alameda, San Joaquin, Sacramento, Placer and Nevada, to the eastern boundary of the State, and thence to Ogden, in the Territory of Utah. Eight and $\frac{52}{100}$ miles of its road was in the county of Santa Clara, which was assessed for the fiscal year 1872-3 at $7,000 per mile. The complaint contained several allegations of irregularity in the assessment, and of errors committed by the Boards of Supervisors in the several counties, in equalizing the assessments on the railroad. It was alleged concerning the Assessors, " that in making their assessment, they did not assess the right of way separately as land consisting of so many acres of such or such a value per acre. Nor did they describe it by reference to township, or range, or section, or fractional section, or by metes and bounds, or by other description, except as hereinafter stated. Nor did they assess separately the improvement, or iron and ties constituting said superstructure as improvements of such or such a

value, according to the cash value of said ties and iron. Nor did they value said lands at their cash value as lands, or as of the same value as other adjoining lands of like quality. On the contrary, they assessed said right of way and superstructure together as constituting one thing, and described them as so many miles of railroad of such or such a value per mile, without regard to the width of the right of way."

The closing allegations of the complaint were as follows:

Wherefore said plaintiff charges that the assessment made in said county of Santa Clara was and is illegal, yet the same has come into and now is in the hands of said defendant for collection by forced sale of so much of said road as lies in his county, and he will sell the same at public auction pursuant to the statute in such case made and provided, and will give to the purchaser thereof a certificate of sale, and in due time thereafter a deed thereof which will be conclusive evidence of the validity of said assessment and the regularity of all proceedings thereon, unless he be enjoined from so doing by the order of this Court.

The Court granted a preliminary injunction, but, on motion of the defendant, on the 29th day of May, 1873, dissolved it.

The plaintiff appealed from the order dissolving the injunction.

*S. W. Sanderson*, for Appellant, argued that the description of the property was fatally defective in the assessment.

He also argued that an injunction would lie to prevent a tax sale; and that whether a tax sale would be enjoined or not depended mainly upon the effect given to such sale by the statute under which it was to be made.

That taxes were liens upon the real property of the taxpayer, not only such as were assessed upon the real estate, but such also as were assessed upon his personal property, and cited Secs. 3716, 3717 and 3718 of the Political Code which read as follows:

"3716. Every tax has the effect of a judgment against the person, and every lien created by this title has the force

and effect of an execution duly levied against all the property of the delinquent; the judgment is not satisfied nor the lien removed until the taxes are paid, or the property sold for the payment thereof.

" 3717. Every tax due upon personal property is a lien upon the real property of the owner thereof from and after the time the personal property is assessed.

" 3718. Every tax upon real property is a lien against the property assessed, and every tax due upon improvements upon real estate assessed to others than the owner of the real estate, is a lien upon the land and improvements; which several liens attach as of the first Monday in March in each year."

He also argued that a tax sale of real estate cast a cloud upon the title of the owner, as after providing that the Tax Collector shall give the purchaser a certificate of sale, the Political Code continued as follows:

" 3779. On filing the certificate with the County Recorder, the lien of the State vests in the purchaser, and is only divested by the payment to him, or to the County Treasurer for his use, of the purchase-money, and fifty per cent. thereon.

" 3785. If property is not redeemed within twelve months from the sale, the Collector must make to the purchaser or his assignee a deed of the property, reciting in the deed substantially the matters contained in the certificate, and that no person redeemed the property during the time allowed by law for its redemption.

" 3786. The matters recited in the certificate of sale must be recited in the deed, and such deed duly acknowledged or proved is primary evidence that:

" 1. The property was assessed as required by law;

" 2. The property was equalized as required by law;

" 3. The taxes were levied in accordance with law;

" 4. The taxes were not paid;

" 5. At a proper time and place, the property was sold as prescribed by law, and by the proper officer;

" 6. The property was not redeemed ;

" 7. The person who executed the deed was the proper officer;

"8. Where the real estate was sold to pay taxes on personal property, that the real estate belonged to the person liable to pay the tax.

"3787. Such deed, duly acknowledged or proved, is (except as against actual fraud) conclusive evidence of the regularity of all other proceedings, from the assessment by the Assessor, inclusive, up to the execution of the deed.

"3788. The deed conveys to the grantee the absolute title to the lands described therein, free of all incumbrances, except when the land is owned by the United States, or this State, in which case it is primary evidence of the right of possession.

"3789. The assessment book, duplicate assessment book, or delinquent list, or a copy certified by the County Auditors showing unpaid taxes against any person or property, is primary evidence of the assessment, the property assessed, the delinquency, the amount of taxes due and unpaid, and that all the forms of law in relation to the assessment and levy of such taxes have been complied with."

That by the term "primary evidence" here used, was meant evidence "which sufficed for the proof of a particular fact, until contradicted and overcome by other evidence," (Code of Civil Procedure, Sec. 1833.)

That in view of the foregoing provisions of the statute, there could be no question but that a deed for taxes would cloud a title.

That the true test by which the question whether a deed would cast a cloud upon the title of the plaintiff must be determined, was this: Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery. If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. He cited *Pixley* v. *Huggins*, 15 Cal. 133–4; *Wiggin* v. *Mayor, etc., of New York*, 9 Paige, 23; *Livingston* v. *Hollenbeck*, 4 Barb. 16; *Thompson* v. *Lynch*, 29 Cal. 189; *Hager* v. *Shindler*, 29 Cal. 47; *Arrington* v. *Liscom*, 34 Cal. 365.

That until the recent decision in the case of the *Savings*

*and Loan Society* v. *Austin,* 46 Cal. 415, such had been the settled law of this Court, and cited *Palmer* v. *Boling,* 8 Cal. 389; *Fremont* v. *Boling,* 11 Cal. 380; *Pixley* v. *Huggins,* 15 Cal. 127; *Cowell* v. *Washburn,* 22 Cal. 519; *Ritter* v. *Patch,* 12 Cal. 293; *Hibernia Savings and Loan Society* v. *Ordway,* 38 Cal. 679; *Guy* v. *Hermance,* 5 Cal. 73.

*J. C. Black,* for Respondent.

The complaint in this cause does not contain sufficient averments to constitute a proper case for the equitable interposition of the Court, and to warrant the issuance of an injunction to restrain the respondent, the tax collector of Santa Clara County, because the complaint fails to show that appellant would, by collection of the tax, be irreparably injured, or that it would be subjected to a multiplicity of suits thereby, or that the collection of the tax would necessarily cast a cloud upon the property involved. These are grounds calling for equitable interference upon general principles, and we submit that upon either of these general heads of equity jurisdiction the complaint is insufficient. The whole of the allegations of the complaint are directed to the proposition alone that the tax is illegal and void, and no especial circumstances are shown of irreparable injury, or that a multiplicity of suits would follow the collection of the tax. (*Dows* v. *City of Chicago,* 11 Wallace, U. S. S. C., 108, and authorities cited; *Savings and Loan Society* v. *Austin,* 46 Cal. 415.)

But the complaint was filed February 4th, 1873, after the Code took effect, and it is therefore unnecessary to discuss the question as to whether the taxes in question were or were not legally assessed. Section 3423, Civil Code, subdivisions four and nine, stating when injunctions will not be issued or allowed by a Court of equity, are as follows:

" To prevent the execution of a public statute by officers " of the law for the public benefit.

" Where relief equally efficacious can be obtained by any " other usual mode of proceeding except in case of breach " of trust."

In either of these cases an injunction will not issue. The

complaint itself shows that respondent is the Tax Collector of Santa Clara County; that he is the proper law officer executing a "public statute," to wit: the general revenue laws of the State of California, for the public benefit. If, as is sought in this case, an injunction will be sustained by merely averring that a tax is illegal, because description of property is imperfect, etc., the machinery of government may be stopped and its wheels locked, the treasury depleted at the caprice or whims of an individual whose duty it is as an integral part of that government and machinery, to bear his part of its burdens and obligations.   *   *   *   Evidently to prevent such a state of affairs, section 3423 of the Civil Code was enacted.

If the tax as assessed is illegal and void, as insisted by appellant, he had an ample remedy at law—could have paid the tax under protest, and recovered it back by a suit at law against respondent. This, we believe, is the "relief equally efficacious," referred to in ninth paragraph of section 3423 of Civil Code.

By the Court, Rhodes, J.:

It was held in *Savings and Loan Society* v. *Austin*, 46 Cal. 415, and the other tax cases decided at the October term, 1873, and in *Houghton* v. *Austin*, 47 Cal. 646, that an injunction was not the proper remedy in those actions. Upon the authority of those cases, the order dissolving the injunction is affirmed.

Remittitur forthwith.