GEO. JNO. ROBINSON, Probate Judge, *v.* DAVID I. EZZELL, Register.

*Fructus industriales* are chattels; and a conveyance of one's "entire crop of corn," whether growing or unplanted, is a chattel mortgage.

Whenever a person is compelled to pay a public officer, in order to induce him to do his duty, fees which he had no right to claim, they can be recovered back.

CIVIL ACTION, to recover certain fees, commenced in a Justice Court, in the county of WAYNE, and carried by appeal before his Honor, *Judge Clarke*, at Chambers, and determined by him on the 13th day of April, 1874.

The facts are substantially the following :

On the 28th day of March, 1874, a paper writing purporting to be a chattel mortgage from one Collier to one Woodard, executed on the 10th March, 1874, was delivered to the plaintiff, as Probate Judge, for his certificate of probate, and for delivery to the Register of Deeds of said county the defendant herein, to be recorded. The property conveyed in said mortgage was described therein as follows: "one sorrel mule and my entire corn crop for this year." The fees for probate and registration of the mortgage, demanded and received by the plaintiff, were those allowed by the act of 1870-'71, chap. 277, for the probate and registration of chattel mortgages; the fees of the Register of Deeds being twenty (20) cents. On delivering the mortgage to the Register, the defendant, the plaintiff offered him the said fee of 20 cents collected as aforesaid, but he refused to receive it, alleging that the said instrument was not a chattel mortgage, as contemplated and intended in the said statute, in as much as part of the property therein conveyed, to wit, the "corn crop" was parcel of the real estate; and for that reason, he, the said Register, demanded a fee of eighty (80) cents, which is the amount provided by law for the recording of deeds in all cases, except those to which the act of Assembly applies. The plaintiff paid the difference, to wit, 60 cents, under protest; and it is for the recovery of this balance (60 cents,) that he brings this action.

The Justice, considering the instrument to be a mortgage of realty as well as of personal property, gave judgment in favor of defendant. His Honor upon due consideration of the facts reversed the Justice's judgment, and allowed the plaintiff to recover. From which judgment the defendant appealed.

*Faircloth & Granger*, for appellant.
*Smith & Strong*, contra.

RODMAN, J. It was properly admitted in this Court that a mortgage of a crop to be grown either not planted, or immature, was a chattel mortgage, and that the defendant was

entitled to a fee of twenty cents only upon its registration. Nothing is better settled upon authority than that *fructus industriales*, although still growing or even if unplanted, are chattels. Benjamin on Sales, 95, 103, cites numerous cases to that effect upon the English Statute of Frauds.

The counsel for the defendant contends here however that the sixty cents here sued for, was paid voluntarily, with a full knowledge of the facts, and therefore cannot be recovered.

The point was not taken below. The case was evidently made up to present the single question which the counsel admitted was against him. If the point were open to the defendant, it is against him, for there was certainly evidence from which the jury might have found that the payment was not voluntary. Whenever a person is compelled to pay to a public officer, in order to induce him to do his duty, fees which he has no right to claim, they can be recovered back.

The defendant also contends that the plaintiff cannot recover, because he paid the excessive fee as agent of the mortgagee, who would be entitled to recover it. The plaintiff paid the fee as the friend, and in the interest of the mortgagee. But it does not appear that he had been requested to do so, or that the mortgagee subsequently ratified the act. The money paid was the plaintiff's own and he is entitled to recover it.

PER CURIAM.                    Judgment below affirmed.