DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### AT MARCH TERM, 1877.

---

HARVEY M. LUM, PLAINTIFF IN ERROR, v. WILLIAM
McCARTY, DEFENDANT IN ERROR.

1. County clerks are not entitled to demand fees for searches not made
   by themselves or their assistants, of the records of deeds, mortgages,
   judgments, &c., in their offices.
2. *Flemming* v. *Clerk of Hudson County*, 1 *Vroom* 280, overruled.

---

In error to the Morris Circuit.

For the plaintiff in error, *H. C. Pitney.*

For the defendant in error, *J. Vanatta.*

The opinion of the court was delivered by

RUNYON, C. The writ of error brings up for considera-
tion a judgment of non-suit in the Morris Circuit, in an
action of *assumpsit* brought by the plaintiff to recover from

the defendant, who is clerk of the county of Morris, money paid to him as such clerk, by the plaintiff, in compliance with his demand for the payment thereof to him, as his lawful fees for searches made for the plaintiff by the plaintiff's own attorney, in the public records and indexes thereto in the clerk's office.

The question is whether he was authorized by law to demand the money. The claim to it is based on the construction put by the Supreme Court, in *Flemming* v. *Clerk of the County of Hudson*, 1 *Vroom* 280, upon the acts of the legislature respecting some of those records. The case before us shows that the plaintiff's attorney went to the office of the defendant, who was then county clerk, and demanded admission and access to the records and books therein, for the purpose of examining them, but was refused such admission and access unless he would agree to pay the defendant the same fees for the privilege of examining those records and books as the latter would be entitled by law to charge if he should himself make the proposed examination. The attorney yielded to the demand, and paid the fees under protest, and this action was brought to recover back the money.

By the third section of the "Act to regulate fees," provision is made for the compensation of county clerks for certain services, among which is the searching of the records in their offices, but the compensation is expressly confined to services performed by them. That provision cannot be extended by construction, so as to authorize a demand by the clerk for pay for services not, in fact, rendered by him or his assistants. The defendant, therefore, was not entitled to the fees in question, under that provision. The only other provisions which are claimed to have a bearing on the question, are the ninth section of the "Act respecting conveyances," which, after providing for the recording of deeds in books to be furnished for the purpose, adds "to which books every person shall have access, at proper seasons, and be entitled to transcripts from the same, on paying the fees allowed by law," (*Nix. Dig.* 146,) and the first section of the "Act to

Lum v. McCarty.

register mortgages," which, after like provision for registering mortgages of lands in proper books, adds, " to which books every person shall have access, at all proper seasons, and may search the same, paying the fees allowed by law." *Nix Dig.* 610. It is also suggested that the absence of any provision for access by the public to the records of judgments of the Circuit Courts, favors the charge, so far as the records of those judgments are concerned. No authority for taking fees for searches not made by himself or his assistants, is to be derived by the clerk from either of the above-quoted provisions. The first, while it provides for compensation for transcripts, contains no qualification of the right of the public thereby declared, to access to the records; and it authorizes no charge whatever in connection with the exercise of that right. Though the language of the other may seem to qualify the right to search with the necessity of paying fees, yet the obvious construction of the provision is that the fees for search are to be paid only when the search is made by the clerk or his assistants. The right of the public to free access to the records carries with it the right to search without charge for the privilege. Nor can a claim on the part of the clerk to fees for a search not made by himself or his assistants, in the records of the judgments of the Circuit Court in his office, be justified by the fact that no special provision is made for access by the public to those records. They are no less free to the public, by reason of the absence of a provision declaring the right. They are, in fact, public records, and are public property, kept in a public place, at the public expense, for the public benefit. For the convenience of the public in examining them, the law provides for the making of proper indexes of their contents. *Nix. Dig.,* " *Practice Act,*" § 77. The law expressly provides for free access, by the public, to the records of attachments, notices of *lis pendens*, Circuit Court judgments docketed in the Supreme Court, and judgments of justices' courts docketed in the Courts of Common Pleas. *Nix. Dig.* 39, 112, 442,

474.  In respect to mechanics' lien-claims, it provides that the clerk shall provide a lien-docket, at the expense of the county, and shall make a proper index thereto, and that he shall have six cents for every search in the office for such lien.  *Nix. Dig.* 573, § 7.  The searches for which compensation is thus provided, are those which may be made by himself or his assistants.

That the various records under consideration are intended for use by the public, by way of reference and examination, is all the more manifest from the care with which the facilities for such reference and examination are provided, and, notably, by the fact that, in the case of the records of conveyances, indexes are provided at the expense of the tax-payers of the counties.  The clerk is the lawful custodian of the records, and indexes thereto, and is responsible for the safe keeping thereof.  His powers over them are such as are necessary for their protection and preservation.  To that end, he may make and enforce proper regulations consistent with the public right for the use of them.  But they are public property, for public use, and he has no lawful authority to exclude any of the public from access to, and inspection and examination thereof, at proper seasons, and on proper application.  The clauses which declare the public right in this behalf, employ the most comprehensive and general language: "All persons desiring to examine the same," "Every person shall have access," &c.  It follows that the clerk has no right to demand any fee for the privilege of access to the records and indexes, or for any examination thereof not made by himself or by his assistants.  He has no exclusive right to search the records.  The construction which is, in this opinion, put on the recording acts, is that which had, up to the time of the decision in Flemming *v.* Clerk of the County of Hudson, been put upon them all over the state, with the exception of that county.  And, notwithstanding that decision, the same construction has prevailed, ever since then, throughout the state, with the single exception which has led

to the present litigation.   In practice, it has been found that no abuse or inconvenience has arisen from it.

The judgment below should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dalrimple, Scudder, Van Syckel, Woodhull, Clement, Green, Lathrop, Lilly.   10.