[No. 5172.]

# THE BANK OF SANTA ROSA *v.* S. J. CHALFANT.

TAX PAID UNDER PROTEST.—To enable one to recover back a tax illegally assessed, and paid under protest, it must appear that the tax was delinquent, and that the officer to whom it was paid was armed with authority, real or pretended, to seize property, and threatened to do so.

APPEAL from the District Court, Seventh Judicial District, County of Mendocino.

The plaintiff was a banking corporation doing business in Mendocino County. The defendant was the Sheriff and *ex-officio* Tax Collector of said county. The bank, in the year 1875, was assessed for $96,908, solvent debts, secured by mortgage. The tax on this sum was $1,792.80. The complaint alleged that the defendant, as Tax Collector, on the 3rd day of January, 1876, demanded of plaintiff the tax; that the plaintiff declined to pay, and the defendant threatened to sell, in accordance with law, the property of the plaintiff, to make the tax, and the plaintiff, thereupon, to prevent a sale of its property, paid the tax under protest. Judgment was asked for the amount paid. The defendant demurred to the complaint because it did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer, and the defendant declining to answer, the plaintiff had judgment. The defendant appealed.

*J. S. Haile,* for the Appellant.

If coercion existed and was exercised by the Tax Collector, the complaint should have shown it. Force or coercion is a necessary precedent to a protest. (*Brummagim* v. *Tillinghast,* 18 Cal. 271; *Bucknall* v. *Story,* 46 Cal. 598, 599; *Forbes* v. *Appleton,* 5 Cush. 117; *Mays* v. *Cincinnati,* 1 Ohio, 268; *Union Bank* v. *New York,* 51 Barb. 159; *McMillan* v. *Richards,* 9 Cal. 417.)

*Lamar & Johnson,* for the Respondent.

There was no legal process by which plaintiff could have prevented the defendant from executing his threat.

Points decided.

" An injunction will not lie to restrain the collection of taxes by sale of property of the tax-payer." (*Houghton* v. *Austin*, 47 Cal. 646; *C. P. R. R.* v. *Corcoran*, 48 Cal. 65.)

By the COURT:

The only averments of the complaint tending to show compulsion or coercion were, that the defendant demanded payment of the alleged illegal tax, and threatened to sell the property of plaintiff in case of non-payment. But it does not appear that the tax was then delinquent, or that the defendant was, at that time, armed with any authority, real or apparent, to carry out his threat. As there was no legal duress of person or property, the payment must be considered as voluntary, and, upon well settled principles, cannot be recovered. (*Bank of Woodland* v. *Webber*, 52 Cal. 73; *Bucknal* v. *Story*, 46 Cal. 598.) The demurrer to the complaint should have been sustained.

Judgment reversed and case remanded.