COTTEN & WARREN v. JOHN B. WILLOUGHBY.

*Grant of Property Not In Esse.*

Under the rule that one may grant a thing not *in esse* of which he is the potential owner, a valid mortgage, at common law, may be made by the owner of land of a crop sown thereon but not yet growing.

(*Robinson* v. *Ezzell*, 72 N. C., 231, cited and approved.)

CLAIM AND DELIVERY, tried at Spring Term, 1878, of Pitt Superior Court, before *Henry, J.*

The defendant, to secure certain debts due the plaintiffs and to obtain supplies for carrying on his farming opera-

tions for that year, on May 26, 1876, executed to them a mortgage deed conveying a mule and other articles of personal property, " and a lien upon each and every of the said crops to be cultivated and made upon the said land or farm during the present year, with full power to take possession of the said crops at any time and place after their maturity," and further providing for the exercise of the power, in case of default in payment after the 1st day of November. The plaintiffs furnished supplies under the mortgage to the value of $41, and refused to make further advances. The defendant failing to pay any portion of the moneys due, the plaintiffs, on November 3rd of that year, brought their action for claim and delivery, under which the sheriff seized and placed in their possession the said mule, cart and two plows, and corn, fodder and cotton, the product of the farm, of the aggregate value as estimated by the jury of $319.37. The answer sets up a counter-claim for losses sustained in cultivating the land for want of the supplies the plaintiffs were to advance, and alleges the deed to have been obtained through false and fraudulent representations which render it inoperative and void, and that upon its face the lien intended to be created depends for its efficacy upon the plaintiffs' compliance with their obligations arising out of it. The only issues submitted to the jury were as to the value of the property taken from the defendant and of the plaintiffs' advancements.

On the trial the plaintiffs proposed to show in explanation or excuse for their failure to advance the full amount specified, that when the mortgage was given, the defendant represented that he then had two bales of cotton which in a few days he would deliver to them, the proceeds of which were to be applied in reduction of the secured note, and upon this assurance they were induced to enter into the arrangement to aid in the cultivation of the crops, and if this had been done, the mortgaged property would have been

amply sufficient to secure the residue of the indebtedness, including the advances, and that he refusing to deliver the cotton, they declined to increase the debt. The evidence on objection was rejected by the court and the plaintiffs except. Upon the findings of the jury the court adjudged that the defendant recover against the plaintiffs the full value of the goods seized and the costs of suit, from which the plaintiffs appeal.

*Messrs. W. B. Rodman* and *Reade, Busbee & Busbee,* for plaintiffs : Cited *Clark* v. *Farrar,* 74 N. C., 686 ; Benjamin on Sales, 63 ; Story on Sales, § 185 ; *Butt* v. *Ellett,* 19 Wall., 744 ; 32 Ark., 598 ; 54 Miss., 351 ; 95 U. S. Rep., 16, and other cases.

The defendant was not represented in this Court.

SMITH, C. J., after stating the case. The purpose of the present suit is to recover possession and control of the property in order to the execution of the trusts with which it is clothed, and if under the deed the title and right of possession are vested in the plaintiffs, as trustees, the action has been well brought, and the judgment rendered is wholly erroneous. The first enquiry then is as to the effect of the deed upon the property therein described.

No doubt whatever can be entertained as to the transfer of the legal title to such articles as were then *in esse* and upon which the conveyance could directly operate. The words used are appropriate to the object intended and the possession is necessary to the discharge of the trusts.

In our opinion, for the purposes of the suit, the same results must be ascribed to the operation of the instrument upon the growing or to be grown crops upon the farm. The lien given upon them, to be effective, requires control and possession in the mortgagees; for how otherwise could they be sold and the proceeds applied to the debt? And

this is rendered manifest by the very authority given to take possession after the first day of November. 1 Jones Mort., § 60. As this is the intent of the deed, can it have that effect upon a planted crop, (for it must be assumed that the planting was prior, according to the course of husbandry, to the making of the conveyance) and does a possessory right thereto vest in the trustees at or before the maturity of the crops?

The authorities referred to in the brief of the plaintiffs' counsel fully support the affirmative of the proposition involved in the enquiry. While it is true that what has no existence, and whose future acquisition is uncertain and contingent, cannot be assigned by words of present conveyance, and a contract relating thereto is entirely executory, there is an exception in the case of the future products of a substance which has ownership, and, as to incidents, have a potential and prospective existence, admitting of transfer by the owner of the property from which they spring.

"So also, although the subjects of sale have no present existence," says Judge STORY, "yet if it be the natural product or expected increase of something to which the seller has a present valid right, the sale will be good. Thus a valid sale may be made of the wine a vineyard is expected to produce, or the *grain that a field is expected to grow;* or the milk that a cow may yield during the coming year; or the future young that may be born of the sheep owned by the vendor at the time of the sale, or the wool that shall grow upon them." Story on Sales, § 185. To the same effect, Benj. on Sales, 63, 64.

In *Butt* v. *Ellett*, 19 Wall., 544, the supreme court of the United States declared that while the mortgage clause in the instrument "could not operate as a mortgage because the crops to which it relates were not then in existence, when the crops grew the lien attached and bound them effectually from that time." And the doctrine has been car-

ried so far as to hold the future acquired property of a railroad company embraced in a grant of "all present and future to be acquired property " of the corporation, incident to the use of the road. *Pennoc* v. *Coe,* 23 How., (U. S.) 128 ; *Dunham* v. *Railway Co.,* 1 Wall., 254 ; *Robinson* v. *Ezzell,* 72 N. C., 231.

As then the plaintiffs by the terms of the deed were "lawfully entitled to the possession" of the goods and can maintain the action for claim and delivery under section 177 of C. C. P. the judgment rendered must have been based on the opinion that the deed in its inception was void by reason of the fraud superinducing its execution, or became so afterwards by the plaintiffs' non-compliance with their stipulation for supplies operating as a defeasance of the grant.

While we do not concede that the plaintiffs' previous false assurances and unfulfilled promise (and such is in substance the averment in the answer) can have this annulling effect upon an executed contract by which property passes, and still less that a mere subsequent violation of the promise can restore it to the assignor, it is sufficient to say that the imputed fraud has not been found by the jury nor facts stated in the case from which it can be inferred, and its existence rests entirely upon the disputed assertions of the defendant alone. The verdict simply ascertains the deficiency in the amount of the supplies that ought to have been provided, a breach of the plaintiffs' contract only, and this does not authorize the conclusions upon which the judgment depends for support. As the facts of the case presented in the appeal do not raise the question perhaps intended to be presented on the appeal, nor warrant the judgment, it must be reversed and the cause remanded in order to the further necessary findings to determine the rights of the respective parties.

It may not be amiss to observe that if the plaintiffs recover, they will hold as trustees, and as all interested in the

fund are before the court we see no reason why in the present proceeding the mortgage may not be foreclosed, the equities involved adjusted and the whole matter finally adjudicated in the action. It is unnecessary to consider the question of evidence in this aspect of the case. Judgment reversed and new trial granted. Let this be certified.

Error.                                        *Venire de novo.*