THOMAS H. ATKINSON v. D. H. GRAVES.

*Chattel Mortgage, defective for uncertainty—Executory contract.*

1. A chattel mortgage conveying a bale of good middling cotton which the mortgagor "may make during this year" passes no title ; first, because it fails to designate the place where the same is to be produced; and secondly, because it does not identify the property so that it could be separated from other property of like kind raised by the mortgagor.

2. Such instrument is in effect an executory contract, giving to the mortgagee only a chose in action, or right to sue for the value of the cotton, if not delivered.

(*Robinson* v. *Ezzell,* 72 N. C., 231; *Cotten* v. *Willoughby,* 83 N. C., 55 ; *Harris* v. *Jones, Ib.,* .317 ; *Blakely* v. *Patrick,* 67 N. C., 40, cited and approved.)

CIVIL ACTION tried at Spring Term, 1884, of JOHNSTON Superior Court, before *Philips, J.*

This was an appeal from the court of a justice of the peace. The plaintiff brought the action to recover a bale of cotton from the defendant, and it was tried upon the following "case agreed":

John Cooper executed a chattel mortgage to the plaintiff

Atkinson on the 10th of February, 1881, which was duly registered on the 18th day of the same month.   The instrument is in these words: I, John Cooper, of the county of Johnston in the State of North Carolina, am indebted to T. H. Atkinson, agent, in the sum of four hundred pounds of good middling lint cotton for which he holds my note, to be due the first day of November, 1881, and to secure the payment of the same, I do hereby convey to him these articles of property, to wit, one bay stallion horse and one bale of good middling cotton that I may make or cause to be made or grown during this year, to weigh not less than four hundred pounds; but upon this special trust, that if I fail to pay said debt and interest on or before the first day of November, 1881, then he may sell said property or so much thereof as may be necessary, by public auction for cash, first giving twenty days notice at three public places, and apply the proceeds of such sale to the discharge of said debt and interest on the same, and pay any surplus to me. Given under my hand and seal this 10th day of February, 1881.   (Signed and sealed by John Cooper.)

During the year 1881, John Cooper made only one bale of cotton, which he packed.   Besides this bale, he made two or three sacks of stained cotton which he sold in the seed. The packed bale he carried in October, 1881, to the defendant Graves, and delivered it in payment of the debt due him and secured by an agricultural lien in due form, dated 21st of February, 1881, and registered on the 26th of the same month.   The bale of cotton weighed 408 pounds, and was low-middling in quality.

The plaintiff claims that the chattel mortgage vested in him title to the bale sold to the defendant, which the defendant denies and claims that the bale was not conveyed by the said chattel mortgage.

If the court be of opinion with plaintiff, judgment is to be entered in his favor for forty dollars, with interest from

the 19th of October, 1881, and costs; but if with defendant, the appeal shall be dismissed. His Honor gave judgment in favor of the plaintiff, and the defendant appealed.

No counsel for plaintiff.
*Messrs. E. W. Pou* and *F. H. Busbee,* for defendant.

ASHE, J. It was formerly understood to be the law, that a chattel mortgage could only operate on property not in actual existence at the time of its execution, and could not cover future products of the land, if given before the land was sown or planted. But these decisions, in modern times, have been superseded by the general adoption of the principle that if the "thing sold or mortgaged be the natural product or expected increase of something to which the seller or mortgagor has a present valid right, the sale or mortgage will be good." Story on Sales, § 185. Or, in other words, whatever has a potential existence is the subject of sale or mortgage; for example, an unplanted crop or future products of a farm to be raised by one in possession of land as *owner or lessee* is the subject of sale or mortgage. Jones on Chat. Mort., § 143. So, the wine to be made from a certain vineyard, or the wool that shall grow upon a certain flock of sheep. Benjamin on Sales, 63.

These things have no actual existence, but as they are naturally expected to spring from something in which the owner has a present right, they have what is considered a potential existence, and are held to be the subject of sale or mortgage. Story and Benjamin *supra; Robinson* v. *Ezzell,* 72 N. C., 231; *Cotten* v. *Willoughby,* 83 N. C., 75; *Harris* v. *Jones, Ib.,* 317.

A mortgage or sale of a crop to be raised on a certain field or farm in the possession of the mortgagor or seller is as far as the principle has been carried in respect to unplanted crops; but it has never, as we are aware, been ex-

tended to the products of the soil to be raised without designating the place where they are to be produced. In this particular the mortgage in question is radically defective.

It is defective in the further particular that it does not designate and identify the property sought to be conveyed, so that it could be separated from other property of like kind raised by the mortgagor. Benjamin *supra*, 257. It is quite as uncertain, if not more so, as the mortgage of " ten new buggies " out of a lot of fifteen buggies, which was held to be void for uncertainty; *Blakely* v. *Patrick*, 67 N. C., 40; or twenty sheep in a flock of one hundred; or ten head of cattle in a drove of fifty; or a thousand feet of saw-logs in a certain river, without further description to distinguish them from a much larger mass of logs belonging to the mortgagor in the same river, which is held to be void for uncertainty. *Croswell* v. *Allen*, 25 Conn., 30.

The effect of the chattel mortgage was nothing more than an executory contract, which passed to the defendant only a chose in action which gave him the right to sue the mortgagor for the value of a bale of cotton, if not delivered; but it did not convey to him a chose in possession, so that he might maintain an action for the specific thing.

There is error. The judgment of the superior court is reversed.

Error.                                                     Reversed.