[No. 9828.   Department Two. — December 29, 1886.]

## E. L. MAXWELL, RESPONDENT, *v*. COUNTY OF SAN LUIS OBISPO, APPELLANT.

LICENSE TAX — PAYMENT OF ILLEGAL — VOLUNTARY PAYMENT — LIABILITY TO CIVIL OR CRIMINAL ACTION. — Money paid to a tax collector in satisfaction of an illegal license tax, in order to avoid a civil action or criminal prosecution on account of non-payment, to which the invalidity of the law purporting to authorize the tax would be a perfect defense, is a voluntary payment, and cannot be recovered by the payor.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*F. Adams, J. R. Patton*, and *V. A. Gregg*, for Appellant.

The payment in question was voluntary, and cannot be recovered.   (*De Baker* v. *Carillo*, 52 Cal. 473; *O'Brien* v. *Colusa Co.*, 67 Cal. 503; *Wills* v. *Austin*, 53 Cal. 152; *Herz* v. *San Francisco*, 33 Cal. 134; *Conn. Life Ins. Co.* v. *McCormick*, 45 Cal. 580; *Commercial Bank* v. *Rochester*, 41 Barb. 341; 6 Wait's Actions and Defenses, 663; *Younger* v. *Santa Cruz Co.*, 68 Cal. 241; *Grimley* v. *Santa Clara Co.*, 68 Cal. 575.)

*J. M. Wilcoxon, William Graves*, and *William Leviston*, for Respondent.

The payment was involuntary, and may be recovered. (*Louisville* v. *Anderson*, 79 Ky. 334; *Tuttle* v. *Everett*, 51

Miss. 27; *Erskine* v. *Van Arsdale,* 15 Wall. 75; *Babcock* v. *Granville,* 44 Vt. 326; Cooley on Taxation, 568; *State Tonnage Tax Cases,* 12 Wall. 209; *Bend* v. *Hoyt,* 13 Pet. 267; *Shoup* v. *Willis,* 5 West Coast Rep. 834; *Robinson* v. *Longley,* 18 Nev. 71.)

SHARPSTEIN, J.—The only question which we have to consider in this case is, Does the complaint state facts sufficient to constitute a cause of action? The action was brought to recover moneys alleged to have been paid by the assignors of plaintiff to the tax collector of San Luis Obispo County, and by him paid into the treasury of said county.

Such an action may be maintained under some circumstances, one of which is, that the money was paid under compulsion or the legal equivalent.

"The illegality of the demand paid constitutes, of itself, no ground for relief. There must be, in addition, some compulsion or coercion attending its assertion, which controls the conduct of the party making the payment." (*Brumagim* v. *Tillinghast,* 18 Cal. 271.)

In this case plaintiff alleges that the moneys sued for were exacted and collected by the tax collector without authority of law, and as a condition precedent to the carrying on of business by the assignors of plaintiff, and by threats and menaces of legal prosecutions, suits, actions, and processes against said assignors, and attachments, seizures, confiscations, and sequestrations which he, the said tax collector, gave out and made to said assignors, and to each of them, for the purpose of causing them and each of them to pay to him said moneys, and that said moneys were all paid under and by reason of such threats and menaces, and would not have been paid but for such threats and menaces.

The tax collector had no real or apparent power to execute the threats of seizures, confiscations, or sequestrations. The law under which he assumed to exact

license taxes authorized him to direct suits to be brought
for the recovery of such taxes, and to have attachments
issued in such actions.    (Pol. Code, sec. 3360.)

And it is made a misdemeanor for any person to carry
on business for which a license is required by law without
having a license.    (Pen. Code, sec. 435.)

The assignors of plaintiff were not liable to anything
beyond civil and criminal prosecutions in which the
invalidity of the law which authorized the collection of
license taxes would have been a perfect defense.

In *Benson* v. *Monroe*, 7 Cush. 125, S. C., 54 Am. Dec.
716, the court said: " It is an established rule of law
that if a party with a full knowledge of the facts voluntarily
pays a demand unjustly made on him, and attempted
to be enforced by legal proceedings, he cannot
recover back the money as paid by compulsion unless
there be fraud in the party enforcing the claim, and a
knowledge that the claim is unjust.    And the case is
not altered by the fact that the party so paying protests
that he is not answerable, and gives notice that he shall
bring an action to recover the money back.    He has an
opportunity, in the first instance, to contest the claim
at law.    He has or may have a day in court; he may
plead and make proof that the claim on him is such as
he is not bound to pay."

In *Muscatine* v. *K. N. P. Co.*, 45 Iowa, 185, the court
said: "We are of the opinion that the mere danger of a
multiplicity of suits is not sufficient to make these payments
compulsory.    No adjudicated case has been cited
in favor of such proposition."

In *O. S. N. Co.* v. *Tappan*, 16 Blatchf. 296, the court
said: " It is stated in general terms, in some of the decisions,
that where money is paid to a public officer upon
an unlawful demand to save the person paying from the
infliction under color of authority of great or irreparable
injury from which he can only be saved by making the
payment, such payment is made under an urgent and

immediate necessity, and may be recovered back. But it will be found that none of these decisions were in cases where the injury apprehended by the party paying could only be inflictad by the decision of a court in favor of the validity of the claim made against him."

The question whether money paid to a tax collector to avoid prosecution under a void law constitutes a voluntary payment, has never become, so far as we are advised, been before this court.

But it has been held that the payment of an illegal tax under a threat to sell property in case of non-payment was a voluntary payment. (*Bank of Santa Rosa* v. *Chalfant*, 52 Cal. 170; *Bucknall* v. *Story*, 46 Cal. 589.)

"When a voluntary payment is spoken of, the qualifying word is not used in its ordinary sense, and many payments are held to be voluntary which are made unwillingly and only as a choice of evils or of risks." (Cooley on Taxation, 811.)

"All payments are supposed to be voluntary until the contrary appears." (Cooley on Taxation, 810.)

Tested by what we must consider as an established rule, the complaint in this case does not show that the payments alleged to have been made were not voluntary; and therefore fails to state facts sufficient to constitute a cause of action.

Judgment reversed, and the court below is directed to sustain the demurrer to the complaint.

McKEE, J., and THORNTON, J., concurred.

Hearing in Bank denied.