[Civ. No. 77.   First Appellate District.—October 30, 1905.]

## AZRO N. LEWIS et al., Executors of Will of MIRANDA LUX, Deceased, Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Respondents.

ACTION TO RECOVER MONEY PAID—ILLEGAL TAX UPON ESTATE—FILING OF INVENTORY—COMPULSION—SUPPORT OF FINDING—APPEAL—ABSENCE OF EVIDENCE.—In an action to recover money paid to the county clerk as an illegal tax, under compulsion, to secure the filing of an inventory and appraisement of the estate of a deceased person, a finding that the payment was involuntary and compulsory must be held upon appeal to have been sustained by the evidence, in the absence of a bill of exceptions containing the evidence before the court.

ID.—SUFFICIENCY OF COMPLAINT—ULTIMATE AND PROBATIVE FACTS.—Though the allegation in the complaint that the payment was involuntary is of an ultimate fact to be found by the court, upon which the plaintiff's right of recovery depends, yet the sufficiency of the complaint is to be determined by the probative facts pleaded, which support such ultimate fact.

ID.—EXACTION OF ILLEGAL FEES AS A CONDITION OF FILING DOCUMENT—COMPULSORY PAYMENT—REMEDY BY MANDAMUS INADEQUATE.—The exaction by a clerk or other official, against the protest of a party, of illegal fees as a condition of filing a document in his office which such party is entitled to have filed, renders the payment of such fees compulsory, notwithstanding such party could have procured a writ of mandate compelling the officer to file the document without paying the fees demanded. The right to file the document was immediate; and the payment of the fee under the alternative of bringing such action and incurring the expense and delay thereof is not voluntary.

ID.—ACTION AGAINST CITY AND COUNTY—INTEREST NOT ALLOWABLE BEFORE JUDGMENT.—Where the county clerk had paid the illegal tax exacted into the treasury of the city and county and the action to recover it is against the county, no interest is allowable therein before the entry of judgment.

ID.—PETITION TO MODIFY JUDGMENT AS TO INTEREST—POINT NOT URGED UPON HEARING—RIGHT OF COURT.—This court has the right to decide any point before the judgment becomes final, and will do so after its opinion has been filed, affirming the judgment, when its attention is called to the fact that the judgment upon its face contravenes a statute or a well-established rule of law; and the fact that appellant did not urge upon the hearing of the appeal that the allowance of interest before judgment was improper will not prevent the granting of appellant's petition to modify the judgment in that respect.

APPEAL from a judgment of the Superior Court of City and County of San Francisco.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, and John P. Coghlan, for Appellant.

Bishop, Wheeler & Hoefler, for Respondents.

HARRISON, P. J.—The plaintiffs, as executors of the last will and testament of Miranda W. Lux, deceased, presented to the county clerk of the city and county of San Francisco an inventory and appraisement of the estate of their testatrix on July 31, 1895, and requested him to file the same.  The clerk refused to receive or file the document unless the plaintiffs would first pay to him the sum of $770 as a fee therefor. This demand was made by reason of the provisions of section 163 of the act entitled: "An act to establish a uniform system of county and township governments," approved March 24, 1893.  (Stats. 1893, p. 389, c. 234.)  The plaintiffs protested against the said demand, claiming the right to have the inventory and appraisement filed by him without the payment of any fee in addition to what they had already paid; but, notwithstanding said protest, the clerk refused to receive or file the same or permit it to be filed except upon the prepayment of said sum of money.  By reason of such refusal, and in order to enable them to continue in the exercise of their official duties as such executors, the plaintiffs thereupon paid said fee to the clerk, and it was by him paid into the city and county treasury.  The act under which the said fee was demanded was thereafter declared invalid (*Fatjo* v. *Pfister,* 117 Cal. 83, [48 Pac. 1012]), and the plaintiff thereupon brought the present action to recover the money so paid by them.  The cause was tried by the court, and in addition to the above facts the court found, in accordance with allegations in the complaint, that the payment of said money by the plaintiffs "was wholly involuntary and compulsory on the part of said executors; that the said executors could not otherwise than by making such payment procure the acceptance of said return or the filing of said inventory and appraisement; that if they had not paid the said pretended additional fee and illegal tax of $770, in accordance with the aforesaid

2 Cal. App.—8

demand of said clerk, he would not have received or filed the said inventory and appraisement, or permitted the same to be filed in said court, and there would not and could not have been any effectual return of said inventory and appraisement within the time required by law or at any time or at all; and that by reason of the nonreturn thereof the said executors would have become *prima facie* liable to removal from their office as such executors, and to other penalties under the statutes in such case made and provided, and could not have escaped said liability except by pleading and proving the facts." Judgment was thereupon rendered in favor of the plaintiffs, and the defendant has appealed therefrom upon the judgment-roll alone without any bill of exceptions.

In the absence of a bill of exceptions containing the evidence before the court, the finding that the payment was involuntary and compulsory must be held to have been sustained by the evidence. It is, however, contended by the appellant that the complaint is insufficient; that the averment therein that the payment was involuntary is only a legal conclusion, and that the facts connected with the payment as set forth in the complaint from which that conclusion is drawn show that the payment was voluntary. Whether the payment was voluntary or involuntary was an ultimate fact to be found by the court from the evidence presented at the trial, and the allegation in the complaint that it was involuntary was an allegation of the ultimate fact upon which the plaintiffs' right of recovery depended; but, as in the case of a cause of action depending upon fraud or negligence, the allegation of this ultimate fact would have been insufficient against a general demurrer unless supported by an averment of the probartive facts, and the sufficiency of the complaint is therefore to be determined by a consideration of these probative facts.

It is further contended by the appellant that, inasmuch as the clerk had no authority to demand a fee for filing the document, and the plaintiffs could have compelled him under a writ of mandate to file the same, their payment of the money instead of resorting to an action at law to compel him to receive and file it rendered it a voluntary payment, for the reason that it was made with the full knowledge

of its illegality, and was not made for the purpose of protecting their property or person, or releasing the same from any custody or restraint. When an illegal demand is made against the person or property of an individual which can be enforced only by a judgment therefor in an action at law wherein he can contest its legality, or if made under a threatened sale of his property, and he can contest the validity of the proceedings whenever an attempt is made to disturb his possession, and he pays the claim or demand rather than be subjected to such action or to have his property sold, such payment is voluntary, to the extent that it cannot be recovered in an action therefor. If, however, an illegal demand is made by any person holding an official position, with the color of authority to enforce the same, and such demand operates as a restraint upon the exercise of an undoubted right or privilege, and in its enforcement there is no opportunity of contesting its validity, a payment of the demand in order to remove such restraint is compulsory, and not voluntary. The distinction to be observed is between a payment made for the purpose of protecting or securing the present enjoyment of a right to which the person is immediately entitled, and a payment made to prevent a threatened disturbance of such right where there is no authority to interfere with its enjoyment until the right of the threatening party shall be established in a judicial proceeding in which the rights of the respective parties may be presented and determined. In the latter case, a payment to avoid such threatened contest is regarded as voluntary, while in the former case it is compulsory.

The exaction by a clerk or other official, against the protest of a party, of illegal fees as a condition for filing a document in his office which the party presenting it is entitled to have filed by him renders the payment of such fees compulsory, and it is none the less compulsory that the party could have procured a writ of mandate compelling him to file the document without paying the fees demanded. His right to file the document was immediate, and the payment of the fee under the alternative of bringing such action and incurring the expense and delay thereof is not voluntary. (*Steele v. Williams*, 8 Ex. 625, [20 Eng. L. & Eq. 319]; *Lum v. McCarty*, 39 N. J. L. 287; *Steamship Co. v. Young*, 89 Pa.

St. 186; *Townshend* v. *Dyckman*, 2 E. D. Smith, 224; *Ogden* v. *Maxwell*, 3 Blatchf. 319, [Fed. Cas. No. 10,458].) "When the payment has been made to secure a right which the party paying was entitled to without such payment, and which right was withheld by the party receiving the payment until such payment was made, such payment was not voluntary, and the money can be recovered back." (*Corkle* v. *Maxwell*, 3 Blatchf. 413, [Fed. Cas. No. 3231].) "If a person illegally claims a fee *colore officii* the payment is not voluntary, so as to preclude the party from recovering it back." (*Swift Co.* v. *United States*, 111 U. S. 22, [4 Sup. Ct. 244].) "Whenever a person is compelled to pay to a public officer, in order to induce him to do his duty, fees which he has no right to claim, they can be recovered back." (*Robinson* v. *Ezzell*, 72 N. C. 231. See, also, *Robertson* v. *Frank Brothers Co.*, 132 U. S. 17, [10 Sup. Ct. 5].) "The rule is well settled that a payment exacted by and paid to a public officer in excess of his legal fees in order to obtain the performance of his official duty, to which the payor is entitled without such payment, is compulsory and may be recovered back." (22 Am. & Eng. Ency. of Law, 619.) In a note to *Marriott* v. *Hampton*, 2 Smith's Leading Cases, sixth American edition, *401, it is said: "The distinction is plain to common sense between the case of money paid upon a claim made by a public officer who is judge in his own cause and has power of withholding by his own mere motion the ordinary rights of a subject, from the adverse party till his demand is complied with, and money paid under a claim made by a private individual who has no power of enforcing it except by adopting the ordinary legal remedies." In *County of La Salle* v. *Simmons*, 5 Gilm. 518, the county commissioners were authorized to grant licenses for ferries whenever considered necessary by them, and to impose an annual tax therefor of $100 on each ferry. The plaintiff had kept the ferry for some time previously, and was an applicant for a license to continue the same; but the commissioners gave notice that they would grant the license to the person who would donate the largest sum of money to the county, and accordingly put the same up at auction, and after competition thereat the plaintiff bid $500, which he paid to the county. In an action therefor the court held that the payment was not vol-

untary, and that it might be recovered, saying: "The money was exacted from the plaintiff under circumstances that stripped the transaction of all the features of a voluntary payment. It was in law and fact a compulsory payment, as much so as the payment of usurious interest which the lender exacts from the borrower; or the payment of illegal charges which an officer demands as the condition of the performance of official services." In *American Exchange F. Ins. Co.* v. *Britton,* 8 Bosw. 148, the laws of the state provided that a corporation desiring to engage in the business of fire insurance should pay to the state controller a fee of $20, and that the controller should make an examination of its assets, and if found satisfactory give it a certificate to that effect. At the request of the plaintiffs the controller caused the examination to be made, and gave the certificate requested, and demanded $300 for the services therein. Upon the plaintiffs objecting to this amount they were informed that unless it was paid they would not receive their license, whereupon they paid the same and then brought an action for its recovery. The court held that the payment was not voluntary, but "was an exaction made without right under cover of official control in the matter," and that the plaintiffs "were not bound to take the hazards of delay, and the risk of having to litigate the question and treat the requirements and threats of the appointees of the controller as idle words"; adding: "Persons dealing with public officials and their deputies and agents do not stand with them upon equal ground."

None of the cases cited on behalf of the appellant present the question here involved. In *Bucknall* v. *Story,* 46 Cal. 589, [13 Am. Rep. 220], the assessment was void on its face, and it was held that, as the party paying it was bound to know this fact, there was no compulsion, and the payment was voluntary. In *Maxwell* v. *San Luis Obispo,* 71 Cal. 466, [12 Pac. 484], the payment was made under a threat of litigation by the tax collector to prosecute the parties unless they took the license for which the payment was demanded; but the court held that as the invalidity of the law which authorized the collector of license taxes would have been a perfect defense to such prosecution, the payment was voluntary. In *Phelan* v. *San Francisco,* 120 Cal. 1, [52 Pac.

38], the payment was held to have been voluntary upon the ground that the invalidity of the assessment appeared upon the face of the proceedings, and would be a defense to any action for the recovery of the property which the officers threatened to sell. *Brumagim* v. *Tillinghast,* 18 Cal. 265, [79 Am. Dec. 176], was an action to recover money voluntarily paid in the purchase of some stamps to be affixed to bills of lading. No claim of compulsion was made, but the right of recovery was based upon the invalidity of the law requiring such tax.

It must be held, therefore, that the payment alleged to have been made by the plaintiffs was not voluntary, and that the complaint states a cause of action.

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.

A petition for a modification of the judgment was granted by the district court of appeal on November 28, 1905, and the following opinion was then rendered:

HARRISON, P. J.—After the opinion herein was filed, the appellant presented a petition for a modification of the judgment therein ordered by limiting the affirmance of the judgment appealed from to that portion which awards to the plaintiffs a recovery of the money originally paid to the clerk, but without any interest thereon; and in support of this petition has called our attention to the cases of *Savings etc. Soc.* v. *San Francisco,* 131 Cal. 356, [63 Pac. 665], and *Columbia Sav. Bank* v. *Los Angeles,* 137 Cal. 467, [70 Pac. 308], in which the supreme court has held that in an action against the state or any of its subdivisions to recover moneys paid under protest, the court is not authorized to include in its judgment interest thereon during any of the time that elapsed prior to the entry of the judgment.

At the hearing of the appeal herein the argument on behalf of the appellant was confined to the question of its liability to the respondents, and neither in the oral argument nor in the printed brief on behalf of the appellant was our attention called to the question presented by the above petition, or to the form of the judgment under consideration, and in their reply to the petition the respondents urge that

for this reason the petition should not be granted. In support of their position they have cited several cases in which the supreme court has held that the appellant, by his failure to present in his opening brief, or point out in the record, grounds which may exist for the reversal of the judgment, will be deemed to have waived such error and, if presented for the first time in his closing brief, they will not be considered by the court. This, however, is not a right which may be invoked by the respondent, but, as was said in *Webber* v. *Clarke,* 74 Cal. 11, [15 Pac. 431] : "The court is at liberty to decide the case upon any points that its proper disposition may require, whether taken by counsel or not."

While a court might hold that, by failing to point out an error involving the decision or investigation of a controverted question of law, an appellant had thereby waived the right to subsequently urge such error, it does not follow that, if it should be brought to the attention of the court before its judgment had become final, that upon the face of the record the judgment appealed from was in contravention of some statute or of a well-established rule of law, it would not be justified in setting its judgment aside, even though the appellant had not pointed out the objection, or its attention had not been called to the matter until after it had filed an opinion for affirming the judgment. Courts are established for the purpose of protecting individuals in the enjoyment of their rights and vindicating them against wrongs; and it should be the aim of an appellate court to prevent the judgments brought before it for review from violating any statute or rule of law defining or establishing those rights. In their answer to said petition the respondents do not controvert the proposition of the appellant that the judgment of the superior court is violative of this rule as defined in the above-named decisions of the supreme court; and we cannot assume that they would desire us to affirm a judgment which they concede to be in contravention of the law. Under these principles the petition must be granted.

The judgment heretofore entered herein is set aside, and instead of that the following judgment will be entered: The superior court is directed to set aside its judgment heretofore rendered, and to enter judgment in favor of the plain-

tiffs and against the defendant, as of September 16, 1904—the date of its decision—for the sum of $770, said judgment to bear interest from that date at the rate of seven per cent per annum.

Cooper, J., and Hall, J., concurred.