[Sac. No. 458.   Department Two.—July 21, 1898.]

JOHN COOLEY, Appellant, v. COUNTY OF CALAVERAS, Respondent.

APPEAL—CONCLUSIVENESS OF FINDINGS—AGREED STATEMENT OF FACTS.— Where the cause was submitted to the decision of the trial court upon an agreed statement of facts, but the agreed statement is not set out in the record, the findings made by the court are conclusive.

FEES OF JUSTICE OF PEACE—SETTLEMENT WITH COUNTY UNDER ACT OF 1895 —CLAIMS UNDER COUNTY GOVERNMENT ACT.—A settlement by a justice of the peace with a county for his fees in criminal cases, pursuant to the act of March 28, 1895, and prior to the decision of the supreme court declaring that act unconstitutional, cannot be revoked, and a claim for such fees cannot be subsequently allowed by the board

of supervisors under the County Government Act, merely crediting thereupon the amount previously paid under the act of 1895.

ID.—UNDERSTANDING OF LAW AT DATE OF SETTLEMENT CONCLUSIVE.—The understanding of the law at the time of the settlement of a contract, though erroneous, will govern the settlement, and the subsequent determination of the question of law by judicial decision to the contrary does not create such a mistake of law as courts will rectify, nor can it have a retroactive effect to overturn the settlement which was legal and valid when made.

ID.—ENTIRE DEMAND CANNOT BE SPLIT.—A party having an entire demand cannot split it up into separate causes of action; and this rule applies to claims against counties equally with those against individuals.

APPEAL from a judgment of the Superior Court of Calaveras County. C. V. Gottschalk, Judge.

The facts are stated in the opinion.

Kettler & Hawley, for Appellant.

John J. Snyder, District Attorney, for Respondent.

SEARLS, C.—Action brought to recover from the county of Calaveras the sum of five hundred and sixty-one dollars and eighty cents, a balance claimed to be due the plaintiff as fees and compensation for services as justice of the peace in and for Angels township, in said county. The defendant had judgment for costs. Plaintiff appeals from the judgment, and the cause comes up on the judgment-roll.

The cause was submitted to the court upon an agreed statement of facts. This agreed statement is not set out in the record, hence the facts as found by the court are conclusive. The facts so found are, so far as necessary to the questions involved, as follows: 1. Plaintiff was a justice of the peace in and for the township of Angels, county of Calaveras; 2. As such justice of the peace plaintiff, between April 2, 1895, and December 28, 1896, in pursuance of his judicial duties, heard and determined one hundred and fifty-five criminal actions or proceedings on examination or trial properly before him; 3. That as such justice of the peace plaintiff was entitled to receive of and from the defendant county, in each of the said actions or proceedings, the sum of three dollars, aggregating in all the amount of four hundred and sixty-five dollars; 4.

That prior to the twenty-fifth day of February, 1897, and prior to the commencement of this action, plaintiff presented to the board of supervisors of the defendant county his claims in due form, and properly verified by his oath as to their correctness, for each and every of said one hundred and fifty-five (155) criminal actions or proceedings tried or examined by him as aforesaid, aggregating in all the sum of four hundred and sixty-five dollars; 5. The board of supervisors duly passed upon and allowed each and every of said claims for the full amount of fees demanded by plaintiff, to wit, the sum of three dollars in each of said actions or proceedings tried, etc., as aforesaid; 6. Each and every of said claims so presented and allowed as aforesaid were by the county treasurer of the defendant county duly paid to plaintiff, and "that a complete settlement between plaintiff and defendant county was had thereon"; 7. On the twenty-fifth day of February, 1897, the plaintiff as such justice filed additional claims in all of said one hundred and fifty-five cases, etc., for which he had presented his claims as aforesaid, and which had been allowed and paid as aforesaid, in which he claimed in the same cases as follows: For complaint, two dollars; issuing warrant, two dollars; trial of each case, three dollars; aggregating in each case seven dollars. In each case plaintiff credited the county with the three dollars previously paid him thereon as aforesaid; 8. The board of supervisors rejected said claims; 9. The defendant county is not indebted to defendant in any sum.

Upon the foregoing facts the case may be succinctly stated thus: Under the act of March 28, 1895, entitled "An act to establish the fees of county, township, and other officers," etc. (Stats. 1895, p. 267), it is provided by section 1 that justices of the peace may, for their own use, collect the following fees and no others: "For all services in a criminal action or proceeding, whether on examination or trial, three (3) dollars."

The plaintiff, having performed services in criminal cases subsequent to the passage of this act, presented his claim therefor as therein provided, which was allowed and paid in full as presented.

Thereafter, and in January, 1897, by this court, in *Dwyer v. Parker,* 115 Cal. 544, the clause above quoted from the act of

1895 was held unconstitutional for the reasons assigned therein.

Subsequent to that decision plaintiff prepared and presented his claims for fees in the same cases as per the fee bill. Subdivision XIII of section 200 of the County Government Act of 1893 (Stats. 1893, p. 491). In this last claim he credited the county defendant with the several amounts previously received in the same cases. The question is, Can the plaintiff recover such balance?

The contention of appellant is that the fact that plaintiff claimed and received three dollars in each case from defendant, believing that he was not entitled to receive more, does not preclude him from recovering the balance due him under the County Government Act of 1893, which authorizes him to demand and receive seven dollars in each case heard and determined by him; that, being entitled to payment from the defendant in full, he is not precluded from enforcing such payment by his mistake in supposing he was only entitled under the act of 1895 to receive three dollars in each case, since the act of 1895 has been declared invalid by this court.

For the purposes of this case we shall assume that plaintiff was originally entitled to the fees as provided by the County Government Act. Assuming this, however, we still think the question of plaintiff's right to recover on the facts of the present case must be answered in the negative.

1. It is a familiar principle of law that a party having an entire demand cannot split it up into separate causes of action, and this rule applies to claims against counties equally with those against individuals. (*Zirker v. Hughes*, 77 Cal. 235.)
2. There was no mistake as to the fees plaintiff should receive when his services were rendered. The statute of 1895 fixed their amount and plaintiff settled upon that basis, and no subsequent decision of a court can create a mistake and annul a previous contract which was legal and valid when made.

The case of *Bank of United States v. Daniel*, 12 Pet. 32, illustrates the principle. There a bill in equity was filed to recover money paid as damages for the nonpayment of a bill of exchange, as provided for in a statute of the state of Kentucky. This statute had not, at the date of payment, received a judicial construction. It was subsequently held in other cases that

the bill being payable without the state of Kentucky, the statute did not apply. In discussing the case the supreme court says: "The question is not what the courts have since decided, but whether the parties mistook the law when they believed this bill bore damages. It would be as mischievous as an *ex post facto* law to permit a subsequent decision to overturn the fair compromises and contracts of individuals made under a different and correct view of the law. But we do not consider this a case of ordinary mistake of a point of law. The agreement was in exact accordance with the general understanding of the law at the time it was made. Two years afterward the court of appeals, in another case, gave a different construction. The community would be in a miserable condition if at every change of opinion upon questions of law all their previous contracts and settlements were to be overturned. Men could never know the end of their controversies were such a rule to prevail."

The court also quoted with approval from the opinion of Chancellor Kent, in *Lyon v. Richmond*, 2 Johns. Ch. 51, the following: "A subsequent decision of a higher court, in a different case, giving a different exposition to a point of law from the one declared and known, when a settlement between parties takes place, cannot have a retrospective effect and overturn such settlement. The courts do not undertake to relieve parties from their acts and deeds fairly done on a full knowledge of facts, though under a mistake of law. Every man is to be charged at his peril with a knowledge of the law. There is no other principle which is safe and practicable in the common intercourse of mankind. And to permit a subsequent judicial decision in any one case on a point of law to open and annul everything that has been done in other cases of a like kind for years before, under a different understanding of the law, would lead to the most mischievous consequences. Fortunately for the peace and happiness of mankind, no such pernicious precedent is to be found. *The case is, therefore, to be decided according to the existing state of things when the settlement in question took place.*"

The understanding of the law prevailing at the time of the settlement of a contract, although erroneous, will govern, and the subsequent settlement of a question of law by judicial de-

cision does not create such a mistake of law as courts will rectify.

We recommend that the judgment appealed from be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.