[S. F. No. 1859. Department One. — November 21, 1901.]

CAROLINE WINGERTER, Respondent, v. CITY AND
COUNTY OF SAN FRANCISCO, Appellant.

ESTATES OF DECEASED PERSONS — FEES PAID UNDER MISTAKE OF LAW
— UNCONSTITUTIONALITY OF AD VALOREM FEES — ACTION BY DIS-
TRIBUTEE. — Fees paid by an executor to the county clerk on the
appraised value of the property of the deceased testator, under
the act of March 28, 1895, which was subsequently held unconsti-
tutional by this court, as to such fees, cannot be recovered back
from the city and county because of such subsequent decision.
The payment was according to the understanding of the parties
as to the law prevailing at the time, and the subsequent decision,
by this court does not create such a mistake of law as a court will
rectify.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Franklin K. Lane, City and County Attorney, and Hugo K.
Asher, Assistant, for Appellant.

Otto tum Suden, for Respondent.

HARRISON, J. — An act of the legislature, approved March
28, 1895, entitled " An act to establish the fees of county,
township, and other officers, and of jurors and witnesses in
this state" (Stats. 1895, p. 267), directed the county clerk,
upon the filing of the inventory and appraisement in the ad-
ministration of an estate, to charge and collect the sum of one
dollar for each thousand dollars of the appraised valuation in
excess of three thousand dollars. The executor of the last will
and testament of Charles J. Wingerter filed the inventory and
appraisement of the estate of his testator with the county
clerk of San Francisco, August 12, 1895, and paid to that
officer the sum of $325 as the fee for filing the same. June 2,
1897, the estate of the said testator was distributed to the
plaintiff herein. In May, 1897, this court held that the above
provision of the act of March 28, 1895, was unconstitutional.
(*Fatjo* v. *Pfister*, 117 Cal. 83.) The present action was brought
by the plaintiff in August, 1898, to recover the amount so paid

for filing the inventory, alleging in her complaint that it was paid under a mutual mistake of the executor and the clerk in believing that the statute was constitutional and valid. A demurrer to the complaint on the part of the defendant was overruled by the superior court, and the present appeal is from the judgment entered thereon.

Section 1578 of the Civil Code, upon which the plaintiff relies for recovery, is contained in the chapter relating to "consent," in the article upon contracts, and is explanatory of section 1567, which declares that an apparent consent is not real or free if obtained through "mistake." A contract thus obtained may be rescinded (sec. 1689), or its enforcement may be defended at law or enjoined in equity. The section cannot be invoked to sustain an action for the recovery of taxes or other public debts voluntarily paid under a statute which is afterwards declared to be unconstitutional. In *Cooley* v. *County of Calaveras*, 121 Cal. 482, it was said: "The understanding of the law prevailing at the time of the settlement of a contract, although erroneous, will govern, and the subsequent settlement of a question of law by judicial decision does not create such a mistake of law as courts will rectify." Under the rule there declared, the plaintiff is not entitled to a recovery. The mistake relied on in *Rued* v. *Cooper*, 119 Cal. 463, cited on behalf of the plaintiff, was held not to be a mistake of law, and the decision was placed upon the ground that by virtue of section 1542 of the Civil Code the release given to the plaintiff did not include the claim sued upon.

The judgment is reversed.

Garoutte, J., and Van Dyke, J., concurred.