[Civ. No. 961.   Fourth Appellate District.—November 29, 1932.]

B. E. CAMPBELL, Respondent, v. EDWARD RAINEY, as
Superintendent of Banks, etc., Appellant.

Elbert W. Davis, J. H. Hoffman, Whitelaw & Whitelaw and Sullivan, Roche, Johnson & Barry for Appellant.

C. L. Brown for Respondent.

JENNINGS, J.—This action was instituted by plaintiff, a stockholder in the Farmers & Merchants Bank of Imperial, to recover from defendant Superintendent of Banks of the State of California a certain sum of money paid by said plaintiff on account of an assessment imposed by said defendant upon the stockholders of the bank after the bank had become insolvent and defendant's predecessor in office had taken possession of the property and business of the bank and was proceeding to liquidate its affairs. Defendant's predecessor took possession of the bank's property and business on October 10, 1927. On this date plaintiff was the owner of sixty shares of stock of the bank. Thereafter and during the process of liquidation, defendant's predecessor levied an assessment upon the stockholders of the bank in accordance with the provisions of chapter 496 of the Statutes of 1917, page 581, as amended by chapter 420 of the Statutes of 1925, page 905. The assessment levied upon plaintiff amounted to $6,000. Of this amount plaintiff paid the sum of $2,515.87. On April 18, 1929, the Supreme Court of California held that the statute by virtue of whose provisions the assessment was levied upon plaintiff was unconstitutional. (*Wood* v. *Hamaguchi,* 207 Cal. 79 [277 Pac. 113, 63 A. L. R. 861].) Thereafter no further payment was made by plaintiff on account of said assessment and on April 25, 1930, he instituted the present action to recover the sum of $2,515.87 paid by him as aforesaid. From a judgment permitting recovery of the said sum defendant appeals.

Appellant sets forth certain specifications of error which it is contended were committed by the trial court and which, it is claimed, entitled him to a reversal of the judgment.

The first particular in which it is contended that the court erred is in finding that there was any mistake of fact which contributed to the making of payments by respondent on account of the aforesaid assessment levied against him. The court's finding in this regard is in the following language:

"That the said plaintiff and the said defendant, at the time of the payment and the receipt of said money each believed and assumed that defendant had authority to so receive said money and that the plaintiff was required to pay said money, and they each based their belief that the said money should be paid and received as aforesaid upon and under the provisions of those portions of Chapter 496 of the Statutes of 1917, page 581, as amended by Chapter 420, of Statutes of 1925, page 905, authorizing the making and levying of an assessment of the stock of the stockholders of the banking corporation then in the hands of the superintendent of banks of the State of California in liquidation.

"That both plaintiff and defendant were mistaken both as to the law and fact when they assumed and believed that said assessment was valid and that said money should be paid thereunder and the said plaintiff and defendant were also mistaken as to both fact and law as to the validity of the said assessment, and as to the duty of plaintiff to pay the same and the right of the defendant to receive said money. That plaintiff did not discover such mistake of fact and law, or that he was not required to pay said money, until on or about the 18th day of April, 1929."

The very language of this finding shows that, although the court therein found that both parties proceeded under a mutual mistake of both law and fact, the mistake defined in said finding was a mistake purely and entirely of law. It is apparent that the mistake under which the parties labored consisted in the assumption that the statute, under which the proceedings for the levy and collection of the assessment were taken, was a valid statute. In this it developed they were mistaken as the statute was subsequently held to be unconstitutional and therefore invalid. The record fails to disclose the existence of any mistake other than the mistake described in the above-quoted finding. It follows, there-

fore, that the court erred in finding that the mistake was one of both law and fact.

In this connection, respondent contends that a mutual mistake of law establishes a sufficient basis for recovery. This contention is sufficiently answered by the decisions in *Cooley* v. *County of Calaveras*, 121 Cal. 482 [53 Pac. 1075, 1077], and *Wingerter* v. *San Francisco*, 134 Cal. 547 [66 Pac. 730, 86 Am. St. Rep. 294]. Decidedly apropos to the contention thus advanced is the following language from the former case: "The understanding of the law prevailing at the time of the settlement of a contract, although erroneous, will govern, and the subsequent settlement of a question of law by judicial decision does not create such a mistake of law as courts will rectify." This language was quoted with approval in the Wingerter case.

The second specification of error relied upon by appellant is that the court erred in finding that there was any compulsion under which the payment was made. The finding to this effect is said to be entirely lacking in evidentiary support and contrary to the uncontroverted evidence presented at the trial of the action. The finding which is said to be vulnerable to the attack thus made is in the following language:

"That at the time of the said payment plaintiff herein fully believed that unless he so paid said assessment that defendant would bring an action against him to recover the amount of said assessment and would seize and attach the property of plaintiff and tie up and interfere with his business thereby, and cause plaintiff great damage and loss because of such action, and that plaintiff so paid said money because of such business exigency and under an apprehension on his part of being stopped in his business and suffer great damages if the same was not paid, and said money was so paid under compulsion."

The evidence with respect to the feature of compulsion consists of the testimony of respondent and that of Frank V. Boardwell, assistant superintendent of banks of the state of California during the time respondent's payments were made. The latter witness testified that at no time prior to the making of an agreement by respondent to pay the assessment in installments did he threaten to take respondent's property or to attach it. Respondent testified that before

he paid any money on account of the assessment a demand for payment was made upon him; that he had a conversation with Boardwell prior to making any payment; that Boardwell stated to him that they would compel him to pay the assessment in full but that nothing was said to him about taking his property; that he consulted an attorney and became convinced that the state banking department would attach his property and would sell it and force collection of the assessment from the proceeds of the sale, thus increasing the amount he would be compelled to pay by reason of the additional expense that would be incurred in prosecuting the action and subjecting his property to sale. It is undisputed that an action for the recovery of assessments had been instituted against a number of stockholders of the insolvent bank prior to the making of any payment by respondent and that respondent was a defendant in said action but had not been served with process and further that no attachment was levied upon any property of respondent until after he had failed to keep up the installment payments he had agreed to make.

The problem which is presented is whether, from the above-mentioned evidence, the court was warranted in finding that respondent's payments on account of the assessment were made under compulsion.

In this connection respondent places much reliance upon the decision in *Young* v. *Hoagland,* 212 Cal. 426 [298 Pac. 996, 75 A. L. R. 654]. In this case the board of directors of a corporation had levied an assessment on stock of the corporation. Thereafter, at a stockholders' meeting the board was removed and a new board was elected. The new board rescinded the assessment theretofore levied but the old board maintained that the stockholders' meeting was not legally called and refused to surrender their offices. The old board refused to recognize the order of the new board rescinding the assessment and proceeded to take steps necessary to its enforcement and threatened to sell all stock of the corporation upon which the assessment was not paid. Plaintiff, not knowing whether the old board had been legally removed and the new board legally elected, and not desiring to run the risk of having his stock sold, paid the assessment and sued to recover such payment. The trial court found that the payment was made under compulsion and rendered

judgment in plaintiff's favor. The judgment was affirmed on appeal, the Supreme Court holding that the question of whether plaintiff in making the payment acted as a reasonably prudent person under the circumstances disclosed by the evidence, was a question of fact for the trial court and that the evidence justified the trial court's conclusion that the payment was made under compulsion. It is not difficult to differentiate the situation presented in the cited case from that disclosed by the record herein. In the case of *Young* v. *Hoagland, supra,* so far as appears, it was not necessary for the old board of directors to bring any action in order to enforce collection of the assessment which they had levied. Having levied it, they proposed to enforce its collection by an immediate sale of the stock of those shareholders who did not voluntarily make payment. A stockholder could, it is true, bring an action to enjoin the threatened sale, but this would impose upon him some vexation and expense. Whether a reasonably prudent person, confronted by these circumstances, would institute such an action or refuse payment or pay the levied assessment is obviously a pure question of fact to be determined by the trier of facts. If the court or jury found that payment under the circumstances was what might be expected of the person of ordinary prudence the evidence was ample to justify the finding. But the respondent herein was faced by no such problem as confronted the stockholder in the case of *Young* v. *Hoagland, supra.* He had been advised that collection of the assessment would be enforced but no threat of seizure of his property or of its attachment had been made. The possibility of an attachment and sale of his property appears to have occurred to him without any suggestion to that effect having been made to him by appellant or his predecessor or assistant. In the final analysis, respondent seeks to apply the subjective rather than the objective test to his action and to say that, because he thought that collection of the assessment could be enforced and in its enforcement his property might be seized and sold, therefore he acted under compulsion. But the compulsion thus claimed was a compulsion generated entirely without any assistance from appellant. The testimony of respondent thoroughly negatives the exercise of any compulsion upon respondent. The statute under which the assessment was made contained no self-

executing provision for enforcing collection of unpaid assessments. It simply provided in section 3 that if any stockholder shall fail to pay an assessment levied against him in full upon the date specified in the order of the Superintendent of Banks a right of action shall immediately accrue to recover the amount of the assessment or any balance remaining unpaid. It is thus apparent that a resort to judicial proceedings was required for the enforcement of collection of any unpaid assessment. ▮ The rule is well established that when resort to judicial proceedings is required to enforce collection of a tax or assessment the payment of such tax or assessment is not deemed made under compulsion and an action for its recovery will not lie (*Trower* v. *City and County of San Francisco*, 152 Cal. 479 [92 Pac. 1025, 15 L. R. A. (N. S.) 183]; *Lewis* v. *San Francisco*, 2 Cal. App. 112 [82 Pac. 1106]).

Since we are of the opinion that the mistake which induced the partial payment by respondent of the assessment levied against him was, under the circumstances shown by the record, a mistake purely of law and that the payment was not made under compulsion, consideration of the two other points made by appellant, viz., that the action was barred by the statute of limitations and that the court erred in making no findings relative to appellant's cross-complaint seeking recovery of the balance of the assessment which respondent had agreed to pay, is rendered unnecessary.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.