Isabella V. Granger, Plaintiff, *v.* William R. R. Granger, Defendant.

Supreme Court, Special Term, Kings County, February 18, 1943.

*William J. Wilson* for defendant.

*Bessie Goldstein* for plaintiff.

Swezey, J. The recent decision of the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287) has inspired this motion by the defendant to withdraw his consent to a decree of separation made on December 16, 1942. What defendant actually seeks to do is to vacate such judgment.

Prior to the institution of the separation action by the plaintiff wife, the husband, leaving New York, the State of matrimonial domicile, procured a Reno, Nevada, divorce in which the wife did not appear and in which she was served only by publication. On the strength of that decree, although recognizing its ineffectiveness in New York State (as appears from the papers and the consent judgment), the husband remarried.

The separation action by the wife was based on abandonment and cruel and inhuman treatment and recited the foregoing steps taken by the husband to free himself of the marriage. The defendant husband appeared in such action and interposed an answer and an amended answer, but, realizing as aforestated that in the then state of the law he had no effective defense, he thereafter consented to a judgment's being entered in favor of the plaintiff, following a stipulation entered into in open court

with respect to alimony, custody and visitation. Nineteen days after such consent was given, defendant now points out, the United States Supreme Court rendered its decision in the *Williams* case, reversing the position which it had formerly held with respect to the degree of full faith and credit to be given by a State to the " Judicial Proceedings " of any other State (U. S. Const. art. IV, § 1) granting a matrimonial judgment, where such latter State was not the one of the matrimonial domicile and personal service on the defendant had been effected only by publication.

Defendant seeks to take advantage of this decision, asserting that he acted under a mistake of law.

As I view it, however, there was no mistake of law. Defendant acted in consonance with the law as it existed at the time of the rendition and entry of this judgment. For all practical purposes there has been a change in the law, and when this defendant acted in reliance on the law as it was interpreted by our highest court prior to the *Williams* case ruling, he relied on the law as it, in fact, was, and he was under no mistake.

At any rate, there was no mistake of law in the sense in which our courts will be motivated to set aside a judgment formerly entered after trial and on defendant's consent, as here.

Analogies in the field of contract law support this conclusion. In 13 Corpus Juris (p. 379, § 267), it is said: " Contracts made on the faith of the law as enunciated in a decision of a court of last resort, in the absence of fraud, misrepresentation, or want of knowledge of all the facts, will not be set aside because of a subsequent decision by the same court overruling the former one."

Likewise, in *Cooley* v. *County of Calaveras* (121 Cal. 482, 486), under somewhat parallel facts, the court states: " The understanding of the law prevailing at the time of the settlement of a contract, although erroneous, will govern, and the subsequent settlement of a question of law by judicial decision does not create such a mistake of law as courts will rectify."

The consequences which might flow from permitting subsequent judicial interpretation to unsettle what had been determined under the law as previously interpreted and applied were pointed out in *Lyon* v. *Richmond*. (2 Johns. Ch. 51, 60, revd. on other grounds in 14 Johns. 501. See, also, *Doll* v. *Earle*, 59 N. Y. 638.)

The motion accordingly is denied.