[Civ. No. 25167. Fourth Dist., Div. Two. Nov. 4, 1981.]

In re the Marriage of LA VINA and ROY FELLERS.
LA VINA FELLERS, Respondent, v.
ROY FELLERS, Appellant.

COUNSEL

James Otto Heiting for Appellant.

Gassner & Gassner and Lawrence M. Gassner for Respondent.

OPINION

TAMURA, J.—The question presented on this appeal is whether *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728] may be applied retroactively to judgments which were final when *McCarty* was decided. An interlocutory judgment of dissolution was entered in January 1976, awarding wife certain community assets, includ-

ing 40 percent of husband's military retirement. Husband was awarded the remainder of his military retirement pay as well as other community property. A final judgment of dissolution incorporating the property disposition set out in the interlocutory judgment was entered in October of 1976.

In November 1979 husband made a motion for an order modifying the judgment of dissolution to declare his military pension and retirement rights his sole and separate property. Husband appeals from the order denying his motion for modification.

■ On appeal husband contends that California's marital property law cannot be constitutionally applied to federal military retirement pay and that the trial court erred in denying his modification motion.[1] After the briefs were filed in this appeal, the United States Supreme Court decided *McCarty* v. *McCarty, supra,* 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], in which it held that federal law precludes a state court from dividing military retirement pensions pursuant to state community property laws. The only question before us is whether the *McCarty* decision should be applied retroactively to cases such as the one at bench in which a judgment based on prior state decisional law of *Fithian, French* and *Milhan* (see fn. 1) was final long before the *McCarty* decision. As we explain below, we hold that *McCarty* may not be applied retroactively to a judgment which was final prior to its pronouncement.

Federal courts have held in many decisions, both criminal and civil, that a decision should not be applied retroactively where a final judgment has been rendered on the issue. (*Linkletter* v. *Walker* (1965) 381 U.S. 618, 629 [14 L.Ed.2d 601, 608, 85 S.Ct. 1731]; *Chicot County Dist.* v. *Bank* (1940) 308 U.S. 371, 374-375 [84 L.Ed. 329, 332-333, 60 S.Ct. 317]; see *James* v. *United States* (1961) 366 U.S. 213, 221 [6 L.Ed.2d 246, 254-255, 81 S.Ct. 1052]; Annot., Prospective or Retroactive Operation of Overruling Decision, 10 A.L.R.3d, § 8[d], judgments

---

[1]In his brief, husband mischaracterizes California's decisional law concerning military pensions as community property as being unsettled. The issue had been settled insofar as our Supreme Court is concerned by a long line of decisions. (*French* v. *French* (1941) 17 Cal.2d 775 [112 P.2d 235, 134 A.L.R. 366]; *In re Marriage of Fithian* (1974) 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449]; *In re Marriage of Milhan* (1974) 13 Cal.3d 129 [117 Cal.Rptr. 809, 528 P.2d 1145].) In *Fithian*, the court undertook an in-depth analysis of the question of whether the supremacy clause precluded treatment of federal military pensions as community property. It concluded that federal law did not preempt inclusion of military pensions in community property settlements—that "federal military retirement pay is properly the subject of California community property law...." (*In re Marriage of Fithian, supra,* 10 Cal.3d 592, 595.)

were "final" prior to overruling decision, pp. 1403-1407, and cases cited in 1980 supp.) In California, there appears to be some authority for the proposition that in unusual circumstances, a court may refuse to apply res judicata when to do so would constitute a manifest injustice but our high court has specifically ruled that a judgment will not be denied res judicata effect just because the law on which it was based has since been changed. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 796 [126 Cal.Rptr. 225, 543 P.2d 593].) "'Our courts have repeatedly refused to treat the self-evident hardship occasioned by a change in the law as a reason to revive dead actions . . . .'" (*Slater* v. *Blackwood, supra,* 15 Cal.3d 791, 797, quoting *Zeppi* v. *State of California* (1962) 203 Cal. App.2d 386, 388-389 [21 Cal.Rptr. 534], italics deleted; see *Cooley* v. *County of Calaveras* (1898) 121 Cal. 482, 485-486 [53 P. 1075] *Mitchell* v. *National Auto. & Casualty Ins. Co.* (1974) 38 Cal.App.3d 599, 603-605 [113 Cal.Rptr. 391]; *Campbell* v. *Rainey* (1932) 127 Cal.App. 747, 749-750 [16 P.2d 310].) Public policy requires an end to litigation and even erroneous final judgments must be honored in order to continue the "well-ordered functioning of the judicial process." (*Slater* v. *Blackwood, supra,* 15 Cal.3d 791, 797; see, e.g., *Beverly Hills Nat. Bank* v. *Glynn* (1971) 16 Cal.App.3d 274, 286 [93 Cal.Rptr. 907]; *Bank of America* v. *Department of Mental Hygiene* (1966) 246 Cal.App.2d 578, 585 [54 Cal.Rptr. 899].)

In *In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164], our Supreme Court declined to give retroactive effect to its holding overruling a decision that nonvested pension rights are not community assets. The court noted that the previous ruling had been in effect for 35 years, and that retroactive application would pose the danger of nonemployee spouses upsetting settled property distributions through belated assertion of interests in nonvested pensions. (*Id.*, at pp. 850-851; accord, *In re Marriage of Stenquist* (1978) 21 Cal.3d 779, 791, fn. 14 [148 Cal.Rptr. 9, 582 P.2d 96]; *In re Marriage of Skaden* (1977) 19 Cal.3d 679, 689 [139 Cal.Rptr. 615, 566 P.2d 249].) In the instant case, the military retirement pay was adjudged to be community property in accordance with the well-established principle of California law that husband's vested military pension was a community asset. To permit such adjudications which have long since become final to be reopened so as to award military retirement pay to the husband as his separate property would flaunt the rule of res judicata, upset settled property distributions on which parties have planned their lives, and unsettle judgments entered as long as 40 years ago. (See *French* v. *French* (1941) *supra*, 17 Cal.2d

775.) The consequences would be devastating, not only from the standpoint of the litigants but in terms of the workload of the courts. *McCarty* v. *McCarty, supra*, 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], may not be given retroactive application in cases where the issue of the community nature of a military retirement pension was adjudicated and the judgment has become final prior to the date of the *McCarty* decision.

The order is affirmed.

Gardner, P. J., and Kaufman, J., concurred.