**In re Robert BROWN and Margaret Brown, Debtors.**

**Wanda L. BROWN, Plaintiff,**

v.

**Robert BROWN and Margaret Brown, Defendants.**

**Bankruptcy No. 281–01129–D–7. Adv. No. 281–0539.**

United States Bankruptcy Court, E. D. California.

July 6, 1982.

Carol D. Mills of Russell, Jarvis, Estabrook & Dashiel, Sacramento, Cal., for plaintiff.

Jeffrey J. Posner of Edwards & Posner, Sacramento, Cal., for defendants (debtors).

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

On April 1, 1981, ROBERT BROWN and MARGARET BROWN (debtors), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code and an order for relief was entered thereon.

Thereafter, on June 26, 1981, WANDA L. BROWN (plaintiff), filed a complaint to determine dischargeability and an objection to inclusion of certain property as property of the estate. On July 16, 1981, the debtors timely filed an answer, placing this adversary proceeding at issue.

Both parties stipulated to the pertinent facts of the case. The matter was submitted to the court without the presentation of evidence or oral argument and solely upon the briefs of the parties, for a determination of the legal issue.

### Statement of the Facts

On January 22, 1975, the Superior Court of the State of California, County of San Mateo (Superior Court) dissolved the marriage of WANDA BROWN and ROBERT BROWN by entering its final judgment of dissolution of marriage on the court's docket. This judgment made binding on the parties the interlocutory judgment of dissolution of marriage previously filed on September 26, 1974.

The pertinent provision of the interlocutory judgment is:

"$18/22$ of petitioner's disability retirement pension (Pension) from the United States Navy is community property. The one-half interest of the wife therein is fixed at $9/22$ of the present pension payments. Petitioner shall, therefore, pay to the respondent, effective May 16, 1974, $9/22$ of each pension payment (prior to deductions) received each month."

Neither party to the dissolution proceeding filed a timely notice of appeal of the Superior Court's final judgment of dissolution. Thus, on June 26, 1981, the date that the United States Supreme Court filed its decision in the case of *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed. 589, the issue of the character of the Pension had become final.

On October 21, 1981, the Superior Court entered a subsequent order ruling that the *McCarty* decision, *supra*, required the Superior Court to decline to enforce its September 26, 1974, order as it pertained to post-*McCarty* benefits. However, on March 19, 1982, pursuant to an application for reconsideration filed by the plaintiff, the Superior Court revised its October 21, 1981, order so as to vacate that part of the order which cut off the plaintiff's right to $9/22$ of the prospective pension payments.

In their bankruptcy Schedule A–3, which was filed together with their voluntary petition in bankruptcy, the debtors scheduled the Pension obligation to the plaintiff as an unsecured claim without priority. In this schedule, the debtors described the claim of the plaintiff as a "property settlement" in the amount of "4,600 ( + current)."

On June 26, 1981, the date that the plaintiff filed her adversary complaint, the defendant, ROBERT BROWN, was in arrears in his Pension payments to the plaintiff in the amount of $5,603.06.

### Issue

The primary issue before this court is whether or not the obligation of the defendant, ROBERT BROWN, to pay to the plaintiff 9/22 of each monthly Pension payment is a debt which is dischargeable in bankruptcy pursuant to 11 U.S.C. Section 727.

### Discussion

In the recent case of *McCarty v. McCarty, supra,* the United States Supreme Court held that a military retirement pension is not divisible as community property in a dissolution of marriage proceeding. However, the *McCarty* court did not address the issue of whether or not its decision would apply retroactively.

Subsequent to the *McCarty* decision, several California state court cases have held that the *McCarty* decision, *supra,* does not apply retroactively to cases that became final prior to the date that the United States Supreme Court filed its decision in the *McCarty* case. *In re Marriage of Mahone,* 123 Cal.App.3d 17, 176 Cal.Rptr. 274; *In re Marriage of Sheldon,* 124 Cal.App.3d 371, 177 Cal.Rptr. 380; *In re Marriage of Fellers,* 125 Cal.App.3d 254, 178 Cal.Rptr. 35.

In the recent case of *Powell v. Powell,* 454 U.S. 1050, 102 S.Ct. 592, 70 L.Ed.2d 585, the United States Supreme Court held that the *McCarty* decision, *supra,* does have a limited retroactive application. The United States Supreme Court held that the *McCarty* decision applies retroactively to those cases which were still eligible for timely appeal to the United States Supreme Court on the date that the *McCarty* decision was filed.

In the instant case, because neither party in the dissolution of marriage proceeding filed a timely notice of appeal of the Superior Court's final judgment of dissolution, the community property issue was not preserved for appeal to the United States Supreme Court on the date that the *McCarty* decision was filed. Thus, the Superior Court's final judgment of dissolution which fixed the plaintiff's separate property interest in each monthly Pension payment at 9/22 is binding on the parties, both as to those Pension payments already received by the defendant, ROBERT BROWN, and as to prospective Pension payments.

The debtors contend that despite the inapplicability of the *McCarty* decision to the facts of the instant case, the obligation to make payments to the plaintiff can be characterized as a property settlement and, therefore, it is dischargeable in bankruptcy pursuant to 11 U.S.C. Section 727.

The debtors' contention mischaracterizes the nature of the obligation which the defendant, ROBERT BROWN, owes to the plaintiff. The Superior Court judgment fixed the plaintiff's interest in each Pension payment at 9/22. This 9/22 interest is the plaintiff's separate property. There has been no property settlement. There has, however, been a division of the community property into separate property.

The United States Government makes each monthly check payable to the defendant, ROBERT BROWN, in his name only. This check does not distinguish between the separate property of the plaintiff and that of MR. BROWN. Clearly, although MR. BROWN holds the legal title to the entire amount of each Pension check when received, he holds an equitable interest in only 13/22 of each payment. The plaintiff holds the equitable interest in the other 9/22 of each payment. Therefore, MR. BROWN must be deemed to hold the 9/22 interest of the plaintiff as the constructive trustee for plaintiff of her equitable interest in each payment.

The facts indicate that the debtors have failed to turn over to the plaintiff her equitable interest in past Pension payments. These arrearages were in the amount of $5,603.06 on the date that the plaintiff filed her adversary complaint and to this date that amount has increased. Because the

defendant, ROBERT BROWN, is deemed to be acting as a constructive trustee for the plaintiff as to her 9/22 equitable interest in each monthly Pension payment, he owes to plaintiff a fiduciary duty to deliver or remit her interest to her. The failure of MR. BROWN to remit to the plaintiff her equitable interest in each payment amounts to a breach of this fiduciary duty. Therefore, pursuant to 11 U.S.C. Section 523(a)(4), the obligation of the defendant, ROBERT BROWN, to remit to the plaintiff her equitable interest in each past Pension payment is not dischargeable in bankruptcy. 11 U.S.C. Section 523(a)(4) provides:

"(a) a discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

Furthermore, as to all prospective Pension payments, MR. BROWN remains in the position of a constructive trustee for the plaintiff as to her 9/22 equitable interest in each payment. Likewise, these future obligations are not discharged by the debtors' voluntary petition in bankruptcy.

For the above-stated reasons, the obligation of the defendant, ROBERT BROWN, to pay to the plaintiff 9/22 of each Pension payment is not dischargeable in bankruptcy.

This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law. Counsel for plaintiff shall prepare and submit an order consistent herewith.