In re Gary Robert POLK, Debtor.

Sherri R. BOLLINGER, Plaintiff,

v.

Gary Robert POLK, Defendant.

Bankruptcy No. 92–44292–172.
Adv. No. 92–4395–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 28, 1995.

Thomas H. Rost, Rost & Lake, Jefferson City, MO, for plaintiff.

Sidney T. Pearson, III, St. James, MO, for debtor/defendant.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on a complaint objecting to the dischargeability of a debt under section 523(a)(4). At issue is a debt owed by Gary Robert Polk ("Debtor") to his ex-wife, Sherri R. Bollinger ("Plaintiff") pursuant to a Decree of Dissolution and related documents.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of Missouri.

These findings and conclusions are based on the Stipulation of Facts and the Memoranda of Law submitted by the parties and are the final determinations of the Bankruptcy Court.

### Facts

The marriage of the Plaintiff and Debtor was dissolved by a Decree of Dissolution entered on June 18, 1991. The decree awarded the Debtor, as his sole and separate property, all right, title and interest in a parcel of real estate located at Route 2, Box 855A in Salem, Missouri. The Plaintiff was to convey all of her right, title and interest to the property to the Debtor by a quit claim deed. **Decree of Dissolution,** Joint Exhibit

"A" to Stipulation of Facts, page 10 at paragraph 7. The Debtor was to pay the Plaintiff $13,345.00 on or before June 18, 1992 in consideration of her equity in the marital property of the parties. **Decree of Dissolution,** page 10 at 8.

The Plaintiff refused to sign the quit claim deed. On December 3, 1991, pursuant to an order on a Motion for Contempt filed by the Debtor, the Plaintiff signed and delivered the quit claim deed to the Debtor rather than go to jail for contempt. In the same order, the Circuit Court required the Debtor to deposit his net proceeds of the sale, after payment of all costs and any lien, into the registry of the court. The net proceeds were to be paid over to the Plaintiff June 18, 1992 as a payment on the property settlement owed to her by the Debtor. The Debtor was to receive any interest earned by the net proceeds. **Memorandum Order of the Circuit Court of Phelps County, Missouri,** Joint Exhibit "B", Stipulation of Facts, pp. 1, 2.

On December 4, 1991, prior to the commencement of this case, the Debtor gave his parents a second deed of trust on the real property as additional security for a note dated September 5, 1991. This note, in the amount of $39,832.50, was payable by the Debtor to his father (Robert Gail Polk) for a sale of the Debtor's partnership interest in Polk Farms to his father, as part of his father's agreement to assume the partnership debt. On December 11, 1991, the Debtor closed on the sale of the real property that had been under contract since October 4, 1991. The closing statement shows the payment of the first deed of trust to Dent County Bank in the amount of $58,505.50, a second deed of trust to Robert and June Polk in the amount of $5,935.21, and expenses totaling $3,788.29 leaving no net proceeds due the Debtor. No net proceeds were deposited with the registry of the court.

The Debtor filed for Chapter 7 relief on June 19, 1992.

### Discussion

Section 523(a)(4) states that a discharge under section 727 does not discharge an individual from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The Plaintiff alleges the Debtor was her fiduciary with respect to her equity in the real property that was awarded to the Debtor pursuant to the decree of dissolution. The Plaintiff further alleges the Debtor fraudulently transferred funds received from the sale of this property to his parents, thus acting defalcatantly in failing to deposit these funds with the registry of the court.

■ Three elements are necessary for a finding of non-dischargeability under section 523(a)(4) in this case; a debt, a fiduciary relationship, and a fraud or defalcation. *In re Butts,* 46 B.R. 292, 294 (Bankr.D.N.D. 1985). The courts narrowly define a fiduciary relationship under section 523(a)(4) to mean an express or technical trust. *Butts,* 46 B.R. at 294–295; *see Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934), *Barclays American/Business Credit v. Long (In re Long),* 774 F.2d 875, 878 (8th Cir.1985). The Plaintiff has not established that there was such a fiduciary relationship between the Plaintiff and the Debtor.

■ If the Debtor is to be charged as a trustee for the Plaintiff under the decree, the Plaintiff must have retained or been awarded some equitable interest in the Debtor's property. *See In re Brown,* 21 B.R. 377, 380 (Bankr.E.D.Cal.1982). The decision of the state court which granted the couple's divorce determines the nature of the parties' interests created in the real property and is to be afforded full faith and credit by the Bankruptcy Court. *In re Porter,* 112 B.R. 979, 981 (Bankr.W.D.Mo.1990) citing 28 U.S.C. § 1738 (1948). The state court decree in this matter did not preserve any interest for the Plaintiff in the real property awarded to the Debtor.

■ During their marriage, the subject property was held by the parties in a tenancy by the entirety. As a general rule, a dissolution of marriage causes a tenancy by the entirety to be converted into a tenancy in common. *Barry v. Barry,* 579 S.W.2d 136, 140 (Mo.App.1979). Such was not the case here.

In the Decree of Dissolution, the court specifically held that the subject real estate was awarded to the Debtor as his "sole and separate property with all right, title and interest". Not only was the Plaintiff not awarded an equitable interest in the property, but also she was ordered to quit claim all her right, title and interest to the Debtor. **Decree of Dissolution,** page 10 at 7. The entry of the decree thus extinguished the Plaintiff's equitable interest in the real property. *See Porter,* 112 B.R. at 982. The quit claim deed would have served to extinguish her legal interest and any judicial lien that attached to the property.[1] Thus, a plain reading of the decree shows that the circuit court intended to award the Debtor the real property free of any interest or lien in favor of the Plaintiff.

Instead of preserving an interest in the real property, the decree awarded the Plaintiff a cash award of $13,435.00 to be paid within one year as consideration for her equity in all of the marital property, not just for her equity in the subject real property. The cash award was not co-extensive with the Plaintiff's equity in the real property and was not in exchange for it. Since the Plaintiff's equitable interest in the real property was extinguished by the decree, the Debtor was not a trustee for the Plaintiff pursuant to the decree of dissolution.

The Plaintiff also contends that the Debtor became her fiduciary in the sale of the real property under the court order of December 3, 1991. She identifies the *res* of this trust as being her equity in the real property. As explained above, the entry of the decree of dissolution extinguished her equity in the property. Furthermore, the court order does not mention equity in the property. Instead, after requiring the Plaintiff to comply with its previous order to execute a quit claim deed, it speaks of the Debtor's net proceeds. The order made no mention of the pending sale or the contract price and required no accounting to determine the net proceeds prior to the sale. The order placed no limits on the Debtor's ability to encumber the property with costs or liens. The money to be deposited with the registry of the court was the Debtor's net proceeds, not the Plaintiff's equity.

Assuming, *arguendo,* that the order intended the Plaintiff to be a beneficiary of an express or technical trust, by the terms of the order this trust relationship could not come into existence until the Debtor received net proceeds from the sale. It is the net proceeds that the order identifies as the only property that might be subject to the alleged trust. The order defines net proceeds as the amount due the Debtor after payment of all costs and any lien. The duty of the Debtor, as the alleged trustee, was to deposit the net proceeds of the sale into the repository of the court. Since there were no net proceeds after payment of costs and liens, the alleged trust *res* never materialized and the Debtor's duty never arose. The Debtor never became a trustee for the Plaintiff and, therefore, was not defalcatant.

The cases cited by the Plaintiff as precedent are distinguishable from the case at bar. In *In re Butts,* the quit claim was co-extensive with and in exchange for the payment of the ex-spouse's equity in the subject real estate. *In re Butts,* 46 B.R. 292, 297 (Bankr. D.N.D.1985). The decision in *Boyd v. Robinson* hinged on a provision found in Minnesota law but not in Missouri law. *Boyd v. Robinson,* 741 F.2d 1112, 1114 (8th Cir.1984). *See Porter,* 112 B.R. at 982. The ex-spouse in *In re Brown* was awarded an equitable interest in the subject pension as her separate property in the divorce decree; thus, the Court found a fiduciary relationship existed between the Debtor and his ex-spouse. *In re Brown,* 21 B.R. 377, 380 (Bankr.E.D.Cal. 1982).

---

1. In Missouri, a judgment or decree by a court of record (with some exceptions) is a lien on the real estate of the person against whom it was rendered, situated in the county for which or in which the court is held. Mo.Rev.Stat. § 511.350. A judgment pursuant to a decree of dissolution creates such a lien. If the real estate is situated in a county other than the one where the judgment was rendered, the filing of a transcript of the judgment or decree in the office of the clerk of the county where the real estate is located creates a lien in that county on the real property of the person against whom judgment was rendered. Mo.Rev.Stat. § 511.440.

It might be argued that the transfer by the Debtor of a second deed of trust to his parents and the subsequent transfer of sale proceeds in the amount of $5,935.21 to satisfy that lien may have been a fraud upon the Circuit Court under its orders or under other Missouri law, but that matter was not submitted as an issue in this proceeding.

Therefore, upon consideration of the record as a whole, the Court finds that there was no fiduciary relationship between the Debtor and the Plaintiff pursuant to the State Circuit Court order of December 3, 1991. There being no other basis upon which a fiduciary relationship can be established here, the Court cannot find that the debt in question is nondischargeable under section 523(a)(4).

 The Plaintiff's original complaint included a request to find that the debt is not dischargeable under Section 523(a)(2)(A) as based on false representations or actual fraud, or under Section 523(a)(5) as being in the nature of maintenance, alimony or support. However, the memoranda of law submitted in this matter did not address the issues presented in these Sections. Furthermore, the State Court determined that, "Neither Petitioner nor Respondent are entitled to maintenance and none is awarded." Dissolution Decree, page 11, paragraph 13. The evidence in this matter supports the conclusion that the State Court's awards being reviewed here are not maintenance, alimony or support.

 The Court further finds and concludes that the record in this proceeding has not established that the Debtor acted with the requisite intent to deceive the Plaintiff, such that the debt owed to the Plaintiff is not dischargeable pursuant to Section 523(a)(2)(A). In interpreting the intention of non-bankruptcy court orders, and in applying that intention to the process that supports the Congressional intent of the Bankruptcy Code, the Court must first look to the clear meaning of the language of the non-bankruptcy court order. In this case, the non-bankruptcy court orders did not contain language that prohibited the Debtor from encumbering his property by executing a junior deed of trust prior to the sale. If his actions were a fraud upon the non-bankruptcy court, appropriate relief may be available outside of the bankruptcy case. If the transfer of the lien of a deed of trust is otherwise avoidable, the record here would not support a judgment in favor of the Plaintiff, even if the issue could have been presented in this Adversary Proceeding.

By a separate Order, the Plaintiff's Complaint is denied.

### ORDER

On consideration of the record as a whole, and consistent with the determinations set out in the Memorandum entered in this matter,

**IT IS ORDERED** that this matter is concluded; and that the complaint of Sherri R. Bollinger (Plaintiff) to determine that the debt owed by Gary Robert Polk (Defendant), that arose from the proceeding that dissolved the Parties' marriage, is not dischargeable pursuant to 11 U.S.C. § 523(a)(4) is **DENIED**; and that, as a result, judgment on the Plaintiff's complaint is entered in favor of the Defendant and against the Plaintiff, in that the debt, as described in this matter is otherwise dischargeable in the Debtor's Chapter 7 Bankruptcy case; and that all other requests for relief are **DENIED.**